IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY EUGENE THOMPSON, § | |
| (TDCJ-CID #01575836) § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-15-2650 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

Petitioner, Timothy Eugene Thompson, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a conviction imposed by a state court in Montgomery County, Texas.

Because Thompson has not stated meritorious grounds for federal habeas relief, this court denies the federal petition and, by separate order, enters final judgment. The reasons for these rulings are set forth below.

On November 21, 2014, prison officials at the Ellis Unit conducted a disciplinary hearing in disciplinary case number 20150086574. The hearing officer found Thompson guilty of tampering with a cell door. Thompson's punishment consisted of: cell restriction for forty-five days; a loss of commissary privileges for forty-five days; a loss of telephone privileges for forty-five days; a reduction in good-time earning class status from state approved trusty 3 to line 1; and a loss of 90 days good-time credits.

On September 14, 2015, this court received Thompson's federal petition. Thompson contends that his disciplinary conviction is void because prison officials violated his right to due process. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 6).

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

In *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. However, when the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms*, 459 U.S. 460 (1983).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect

the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

To the extent that Thompson attempts to assert a claim of a denial of due process based on the reduction in custodial classification, his claims are barred by *Sandin.* In *Sandin,* a prisoner was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence. The Court held that such sanctions did not require the procedural protections set out in *Wolff* and *Hewitt.* From the pleadings, it appears that the punishments that Thompson received are not atypical and did not pose significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin,* 515 U.S. at 484, 486 n.9. The punishment changed the conditions of Thompson's confinement, but did not give rise to a due process claim. *Madison,* 104 F.3d at 767-68.

Thompson may complain that the loss of good-time credits has delayed his release on parole, creating a due process violation. Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison,* 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve

the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.* The law is clear that Thompson has no constitutional right to parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison*, 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)).[1] Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995)(citing *Orellana*, 65 F.3d at 32). Thompson's argument that he is entitled to be considered for release on parole at a particular time fails.

Thompson may complain of the delay in his release to mandatory supervision. Thompson lost 90 days of good-time credits. Thompson did not answer the question as to whether he is eligible for release to mandatory supervision. (Docket Entry No. 1, Federal Petition, p. 5). However, the court has learned through telephone inquiry to the TDCJ-CID that Thompson is ineligible for release to mandatory supervision. Even though Thompson lost good-time credit, Thompson has no protected liberty interest in the loss of his accrued good-time because he is ineligible for release to mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Thompson's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

---

[1] The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker*, 104 F.3d at 768; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736 (1996); *Gilbertson v. Tex. Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied*, 501 U.S. 1210 (1991).

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Thompson's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Thompson has not made the necessary showing for issuance.

SIGNED at Houston, Texas, on Sept. 30, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE